ALFRED GOLDREYER ET AL. *v.* BOARD OF ZONING APPEALS OF THE CITY OF BRIDGEPORT ET AL.

WYNNE, C. J., DALY, KING, COTTER and SHAPIRO, Js.

642

Argued October 3—decided December 3, 1957

*J. Kenneth Bradley,* with whom was *Norwick R. G. Goodspeed,* for the appellants (plaintiffs).

*Austin Wolf,* for the appellee (defendant Cohen).

*Paul L. Blawie,* for the appellee (defendant Park City Council Knights of Columbus Building Association).

*John V. Donnelly,* for the appellee (named defendant).

DALY, J.  The plaintiffs appealed to the Court of Common Pleas from the action of the named defendant, hereinafter called the board, in granting an application for a variance of the zoning ordinance

of the city of Bridgeport. This appeal is taken by the plaintiffs from the judgment of the court affirming the action of the board and dismissing the plaintiffs' appeal.

Prior to May 10, 1956, the defendant Herbert L. Cohen, owner of premises known as 2504-2594 Park Avenue in Bridgeport, in a residence A zone, and the defendant Park City Council Knights of Columbus Building Association, a prospective purchaser of the property, applied to the board for a variance of the zoning ordinance to permit the construction and use of a fraternal club building upon the premises. The use for which the variance was sought was one which is permitted in a business zone but not in a residence A zone. On May 10, 1956, the board granted the application, subject to certain conditions and limitations.

From the record it appears that the board had in mind in granting the variance the following facts: Park Avenue is a main traffic artery in Bridgeport, extending from the Merritt Parkway to Long Island Sound. It connects the parkway with the downtown area of the city and the proposed Connecticut throughway and is designed to carry its present traffic load plus an additional one. A former public housing project which does not conform to the zoning regulations is located to the rear of the property in question. Park Avenue in the immediate area is, and has been, developed for public and quasi-public uses such as schools, churches, synagogues and outdoor shrines. The topography and soil conditions of the property in question are unusual. Water is present on, and runs through, the land, which is not developed or used. The surrounding areas are now used and developed or are in the process of being used or developed. The property now occupied

by the Park City Council of the Knights of Columbus has been taken for public purposes, and efforts have been made to relocate the club within the city. The owner of the land in question had offered it for sale and applied to the board for a variance to permit a sign advertising it for sale to be placed on it. That application was granted on September 20, 1945. A petition filed with the board by those opposing the granting of the present application for a variance was signed by a substantial number of persons who did not reside in the vicinity of the premises.

A provision in the Bridgeport zoning regulations, like the one in § 842 of the General Statutes, authorizes the board to vary the application of the regulations "with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated a literal enforcement" of the regulations "would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured." Bridgeport Zoning Regs., c. 18, § 2 (m) (1949). The board concluded that exceptional difficulty and unusual hardship, as defined in the statute and zoning regulations, did exist; that to deny the application "would lay a dead-hand on the land and would represent confiscation of property"; that, if the application was granted, there would be no detrimental effect upon surrounding properties; and that the granting of the variance was in harmony with the spirit and intent of the zoning regulations. The plaintiffs claim that the court erred in dismissing their appeal. This contention is based upon their assertion that the board acted illegally, arbitrarily

and in abuse of its discretion in concluding that the application for a variance should be granted because hardship on the owner of the property and the prospective purchaser existed and the granting of the application would not have a detrimental effect on surrounding properties.

The plaintiffs, in claiming that the board was not justified in concluding that there was a hardship on the owner, contend that the cost of developing the property for building lots would not be prohibitive and that, even if it were, economic loss in and of itself is not the decisive factor in determining whether a variance should be granted. Regardless of the cost of development, it is extremely doubtful, in view of the other facts stated above, that anyone would buy the property knowing that only residential buildings permitted in a residence A zone could be built upon it. A classification permanently restricting the enjoyment of property to such an extent that it cannot be used for any reasonable purpose goes beyond valid regulation and constitutes a taking without due process. *Del Buono* v. *Board of Zoning Appeals,* 143 Conn. 673, 678, 124 A.2d 915. The board stands between the public and the individual property owner to protect the latter from unnecessary hardship—hardship, that is, which, owing to some condition affecting his land peculiarly, he would suffer when it is not necessary for him to do so in order to effectuate the general plan of zoning adopted for the community as a whole. *Finch* v. *Montanari,* 143 Conn. 542, 545, 124 A.2d 214.

The plaintiffs claim, also, that any hardship on the Park City Council Knights of Columbus Building Association could not properly have been considered by the board. In other words, their contention is that it is the hardship upon the owner, not on a

prospective purchaser or occupant, which is to be considered by the board. In *Nielsen* v. *Board of Appeals on Zoning,* 129 Conn. 285, 27 A.2d 392, the applicants for a variance were not the owners of the property involved but rather lessees. An establishment which they had had at another location had been closed by the action of the city in condemning their property. We said (p. 289) that the action of the board in concluding that, because the applicants' place of business had been closed without any fault upon their part, an unreasonable hardship was placed upon them and that therefore the application for a variance should be granted was not arbitrary, unreasonable or so far beyond the power of the board as to compel judicial interference.

The plaintiffs' third claim is that the board was not justified in concluding that the granting of the application for a variance would not have a detrimental effect upon surrounding properties. We have frequently asserted, as a fundamental proposition, that the decisions of zoning authorities are to be overruled only when it is found that they have not acted fairly, with proper motives, and upon valid reasons. Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority. The burden of overthrowing the decision of the board rests squarely upon the plaintiffs. Zoning ordinances are in derogation of the right of private property, and where exemptions appear in favor of the property owner they should be liberally construed in his favor. *Devaney* v. *Board of Zoning Appeals,* 143 Conn. 322, 326, 122 A.2d 303. A court is without authority to substitute its own judgment for that vested by the statutes in a zoning authority.

*Bartram* v. *Zoning Commission,* 136 Conn. 89, 96, 68 A.2d 308.

We cannot say that, upon the facts in this case, the proposed use is not in harmony with the general purpose and intent of the zoning ordinance so that the public health, safety and general welfare may be secured. Neither can we say that substantial justice will not result from the granting of the variance.

There is no error.

In this opinion the other judges concurred.