[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from the defendant Zoning Board's (ZBA) denial of an application for a variance requesting relief from the requirements of Article X, § F.3.G.7 of the Mansfield Zoning Regulations.[1]
 Aggrievement
Although a technical requirement, only a person aggrieved by a decision of an administrative agency can appeal from that decision, General Statutes § 8-8. A plaintiff is required to allege and prove aggrievement and the issue of aggrievement is jurisdictional, Nader v. Altermatt, 166 Conn. 43, 51 (1974).
In this case, the plaintiff alleged it is a Connecticut corporation doing business as Valley Mobile Home Parks in Mansfield. In its answer the defendant left the plaintiff to its proof of this claim. CT Page 161
There was no evidence presented at the hearing in this Court nor was there any stipulation as to facts from which the Court can find aggrievement. The plaintiff has failed to establish it is the owner of the property and the appeal must be dismissed accordingly. The mere denial of an application by an administrative agency does not establish aggrievement. Fletcher v. P Z Comm., 158 Conn. 497,502 (1969).
Abuse of Discretion
This appeal fails on its merits as well as on the jurisdictional matter of aggrievement. The authority of a zoning board of appeals to grant variances is set forth in General Statutes § 8-6. The ZBA is empowered to grant relief only if it finds the application of a zoning regulation affects a particular parcel of land, and not the district as a whole, and where enforcement of the regulations would result in exceptional difficulty or unusual hardship. Dolan v. ZBA, 156 Conn. 426, 430
(1968).
The Court's review is limited to determining whether the ZBA acted illegally, arbitrarily or in abuse of its discretion.Havurali v. ZBA, 177 Conn. 440, 444 (1979). Courts should be cautious about disturbing the decision of a local zoning board,Goldreyer v. ZBA, 144 Conn. 641, 646 (1957), as long as an honest judgment has been reasonably and fairly made after proper hearing.Torsiello v. ZBA, 3 Conn. App. 47, 49 (1984).
The record clearly shows that the requirement of a service building in a mobile home park apples to all such facilities in the town. There are approximately five mobile home parks in Mansfield and there was evidence that at least one other mobile-home park maintained a service building, albeit with facilities beyond the minimum required by the regulations.
The record further shows that in 1990 the plaintiff unsuccessfully petitioned the Mansfield Planning Zoning Commission to delete Article X § F.3.G.7 from its regulations. At that time the town planner recommended the retention of the requirement for a service building as being an asset to a mobile home park by promoting community meetings, recreational uses, providing laundry and toilet facilities and because they provide an amenity to the residents of mobile home parks. In short, they can enhance the public health, safety, convenience and welfare of the residents. CT Page 162
From this record it appears that the decision of the ZBA was honestly, reasonably and fairly made after a proper hearing. The Court cannot substitute its judgment for that of the ZBA after so finding. The claimed hardship is not unique to the plaintiff's property.
The plaintiff has raised the issue of the decision violating the affordable housing laws. Simply, this was not brought as an affordable housing application but as a hardship variance and General Statutes § 8-30g is not applicable to this appeal.
The plaintiff's claim that the decision constitutes an unconstitutional confiscation of property without just compensation must also fail in light of the foregoing findings.
Finally, the plaintiff claims in its brief the ZBA held an illegal closed session when it decided this application, but since that issue was not alleged in the pleadings, it is not considered.
The appeal is dismissed.
Klaczak, J.