[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Hartford Zoning Board of Appeals granting a variance for property to be utilized by the defendant Connecticut Prison Association ("CPA").
The factual and procedural background of this appeal is not disputed. The property in question consists of four vacant office buildings located at 117-123 Washington Street in Hartford. In March, 1995, the defendant CPA applied for a variance permitting it to use the buildings as a rehabilitation home, as defined in the Hartford Zoning Regulations, and waiving the side and rear lot requirements. At the time of the application, the CPA was not the record owner of the property, nor did it have any formal leasehold interest in the premises. Instead, it intends to enter into a formal rental agreement with the owner upon final approval of the variance.
As disclosed at the hearing in support of the application for the variance, the CPA is a not for profit organization that provides residential, supportive and rehabilitative services to persons charged with and/or convicted of certain types of less serious criminal offenses. Approximately 90% of the CPA clients are Hartford residents. The CPA proposes to use the buildings both as a residence for a portion of its client population and as a center for educational, rehabilitative and vocational services. Under § 35-2 of the City of Hartford Zoning Code, this use is described as a "rehabilitation home"[1] which is not a permitted use in the RO-1 zone where the buildings are CT Page 1287-EE located. Because the parcels also do not meet the rear and side yard requirements of the applicable regulations, the CPA applied to the Hartford Zoning Board of Appeals for a variance of the use and lot size requirements of the City of Hartford Zoning Code. The buildings in question have been vacant for approximately the past ten years and are in a neighborhood of various land uses including state offices, courthouses, multi-family dwellings, convenience businesses and numerous residences converted to office use.
At the hearing before the Zoning Board of Appeals the CPA fully disclosed its status as a potential lessee of the property and its plans for use of the buildings. It indicated that it was required to vacate its present Hartford location after a variance was denied for the property presently used by it, and that after an extensive search of properties in and around Hartford — all of which require a variance — it concluded that if the Washington Street site were not approved it would probably not be able to continue as a Hartford based program. In support of its application the CPA presented testimony of surrounding property owners who expressed their support for the application. However, the owner of the abutting vacant apartment building, the plaintiff JB Construction, opposed the application based on its concern for neighborhood safety and property values. Because of a fire in 1994 the plaintiff's building has been unoccupied.
The plaintiff raises two claims in this appeal.[2] The first is that the defendant CPA did not have standing to seek a variance from the Zoning Board of Appeals. The second is that the defendant ZBA erred by concluding that the CPA demonstrated the hardship necessary for the granting of a variance.
The plaintiff's first claim is that the CPA does not have a legal interest in the Washington Street properties sufficient to permit it to apply for a variance. The plaintiff argues that because the CPA, at the time of the application and hearing, was neither the owner nor lessee of the properties, it lacked standing to seek a variance. The parties agree that the controlling case on this issue is Richards v. Planning ZoningCommission, 170 Conn. 318 (1976). In that case the Supreme Court stated:
 . . . [I]t is not possible to extract a precise comprehensive principle which adequately CT Page 1287-FF defines the necessary interest which a nonowner must possess in order to have standing to apply for a special permit or variance. The decisions have not been based primarily on whether a particular applicant could properly be characterized as an optionee or a lessee, but rather, on whether the applicant was in fact a real party in interest with respect to the subject property. Whether the applicant is in control of the property, whether he is in possession or has a present or future right to possession, whether the use applied for is consistent with the applicant's interest in the property, and extent of the interest of other persons in the same property, are all relevant considerations in making that determination.
Id., 324-25.
In this case it is undisputed that the CPA will be the lessee of the premises upon approval of the variance. As such it has a future right of possession and therefore an interest in the property necessary to establish its standing to seek a variance. "Generally, in order for a non-owner to have standing to make an application the applicant must be a real party in interest with respect to the subject property." Fuller,Land Use Law and Practice, § 15.8, p. 285. As the future lessee and occupant of the premises in which it will conduct its operations the CPA is unquestionably "a real party in interest with respect to the subject property." Id.
The plaintiff's next argument is that the CPA failed to demonstrate the hardship required to obtain a variance. The legal standards governing this claim are well established. "General Statutes § 8-6 authorizes a zoning board of appeals to grant a variance where two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plans." Smith v. Zoning Board of Appeals, 174 Conn. 323,326 (1978). In reviewing the decision of a zoning board of appeals, the credibility of witnesses and the determination of CT Page 1287-GG factual issues are matters within the province of the agency.Stankiewicz v. Zoning Board of Appeals of Town of Montville,15 Conn. App. 729 (1988). If the reasons assigned by the Board are reasonably supported by the record and are pertinent considerations for granting a variance, the decision must be upheld. Iannucci v. Zoning Board of Appeals, 25 Conn. App. 85
(1991). The court should not go beyond the official statement of the board and should not substitute its judgment for that of the board as long as an honest judgment has been reasonably made. Stankiewicz v. Zoning Board of Appeals, supra. If the Board does not state reasons for its decision, the court must search the record to determine if the decision is supported by the record. Stavola v. Buckley, 134 Conn. 186
(1947).
The Board did not formally state its reasons for approving the variance, but a review of the record demonstrates that there is a substantial basis for the Board's decision. The CPA presented evidence indicating that it is required to vacate its present location because of zoning restrictions. It has conducted a comprehensive search of possible alternate locations in Hartford. Each of those locations would also require that a variance be granted. The CPA's client population consists almost entirely of Hartford residents. If the CPA cannot relocate to the Washington Street buildings it is probable that it will be unable to continue its Hartford based operation. With the exception of the plaintiff, whose property has been unoccupied and unhabitable due to fire damage, the proposed use received the endorsement of neighboring property owners.
In an almost identical case, the Supreme Court concluded in Goldreyer v. Board of Zoning Appeals, 144 Conn. 641 (1957), that the need of the Knights of Columbus to relocate its place of operation was a reasonable basis for granting its application for a variance. Relying on Nielsen v. Board of Appeals onZoning, 129 Conn. 285 (1942), in which the lessee was required to relocate because of a condemnation action, the Goldreyer
court stated "that the action of the board in concluding that, because the applicant's place of business had been closed without any fault upon their part, an unreasonable hardship was placed upon them and that therefore the application for a variance should be granted was not arbitrary, unreasonable or so far beyond the power of the board as to compel judicial interference." Goldreyerv. Board of Zoning Appeals, supra, 646. CT Page 1287-HH
Under the facts of this case the court will not substitute its judgment for that of the Board. It is satisfied that "an honest judgment has been reasonably and fairly made after a full hearing"; Stankiewicz v. Zoning Board of Appeals, supra; and that the Board's consideration of the CPA's need to locate for reasons beyond its control "is not so unreasonable or so far beyond the power of the board as to compel judicial interference."Goldreyer v. Zoning Board of Appeals, supra.
Accordingly, the plaintiff's appeal is dismissed.
SO ORDERED.
Robert L. Holzberg, J.