[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is an appeal from a decision of the North Haven Zoning Board of Appeals upholding a cease and desist order issued by the North Haven Zoning Enforcement Officer. The plaintiff, Joel Cohen, claimed that the Zoning Enforcement Officer had erred in ordering him to cease using a detached building on his residential premises as an apartment. The Board of Appeals affirmed the Zoning Enforcement Officer's decision and denied Mr. Cohen's appeal. CT Page 5118-QQQQ
The record discloses the following facts. In the summer of 1995 the Zoning Enforcement Officer received a complaint that a garage located on Mr. Cohen's property was being used for dwelling purposes. After inspection, the Enforcement Officer reviewed documentation from the Town Building Department and the Assessor's Office. That documentation revealed that Mr. Cohen had purchased the property in June of 1994. In February 1995, Mr. Cohen had obtained a building permit for an addition to a detached garage. On the permit, Mr. Cohen represented that a 24' X 24' garage existed on the property and that a new 24' X 30' garage addition would be added to this garage. The permit application contained no representations concerning the use of the garage for dwelling purposes.
At the hearing, Mr. Cohen stated that he had constructed a 3-room apartment with kitchen and laundry facilities in the building. (Transcript, pp. 41, 42). He testified that the building measured 24' X 24' when he purchased it and that half of the building, 12' X 24', was used as living area. He then built a 24' X 30' addition onto the front of the building and altered the existing 24' X 24' area by adding water, sewer, a kitchen and another entranceway. He testified that his daughter lives in the apartment and helps to care for his chronically ill son and elderly in-laws.
AGGRIEVEMENT
It is clear that Mr. Cohen owned the affected property on the day of the appeal to the ZBA and continued to own the property up to and including the date that the appeal was heard in this court. Accordingly the court finds Mr. Cohen to be statutorily aggrieved.
DISCUSSION
The dispute between the court would seem to center upon an interpretation of § 4.1.7 of the North Having [Haven] Zoning Regulations. That section provides in pertinent part:
 "Accessory uses customarily incident to a permitted use on the same lot. Accessory buildings shall not be used for dwelling purposes except by employees or nonpaying guests of the occupant of the premises. Accessory uses may include a private garage, but if such a garage is an integral part of the principal dwelling, it shall occupy not more than one-half of CT Page 5118-RRRR the total ground floor area."
Also relevant to a decision in this matter would appear to be the definition of accessory building contained in § 1.1 of the definitions contained in the regulation. That section reads as follows:
 "Accessory Building: Any building which is subordinate to and whose use is incidental to the use of the principal building and located on the same lot therewith. A detached accessory building shall be one which is not attached to the principal building by any covered porch, breezeway or other roofed structure."
Section 1.10 of the definitional section defines dwelling as follows:
 "Dwelling: A building or part of a building which contains living, sleeping and housekeeping accommodations for permanent occupancy by one or more families."
For numerous reasons, the plaintiff herein could not have two dwellings on his premises. The use which is being made is prohibited by the local zoning regulations unless the use qualifies as an accessory building and unless the occupancy by the daughter qualifies as occupancy by an employee or nonpaying guest.
Although this court is relatively conversant with land use matters and zoning regulations, it finds the language of § 4.1.7 which allows the use of accessory buildings for dwelling purposes only by employees and nonpaying guests somewhat unusual. It is not entirely clear to the court what purpose this regulation is intended to serve.
The court recognizes that zoning ordinances are in derogation of the rights of private property owners, and where exemptions appear in favor of the property owners, such exemptions should be liberally construed in the property owner's favor. Goldreyer v.Board of Zoning Appeals of the City of Bridgeport, 144 Conn. 641
(1957). The court also recognizes that our Supreme Court had held that a Superior Court is not bound by the legal interpretations of an ordinance by a zoning board of appeals since an interpretation of a zoning ordinance is a question of law for the court. Melody v. Zoning Board of Appeals of the Town ofCT Page 5118-SSSSGlastonbury, 158 Conn. 516, 518 (1969); Fawn v. Zoning Board ofAppeals of the City of Stamford, 156 Conn. 619, 620 (1968).
Conversely, the court has also held:
 "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Lawrence v. Zoning Board of Appeals, 158 Conn. 509, 514 (1969).
In a similar vein, the Appellate Court has held:
 "The discretion of the local board is a liberal one to be overturned only when the board has not acted fairly or has no valid reason for acting as it did, or with improper motives." Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 676
(1989).
The burden is on the appellant to demonstrate that the board's actions were improper. Pleasant View Farms DevelopmentInc. v. Zoning Board of Appeals, 218 Conn. 265, 269-70 (1991).
Applying the above-stated principles to the facts and law presented to it, the court concludes that the Zoning Board of Appeals was in error to the extent that it concluded that the occupant daughter could not be a nonpaying guest as a matter of law because she was staying for an extended period of time. However, the Board could conclude on this record that the daughter was a not a nonpaying guest as a matter of fact. Further, the Board could have concluded on the record as a matter of both fact and law that a full and independent apartment, which was constructed at the time of the addition to the garage, goes beyond the definition of an accessory use in the local regulation.
It appears to the court that the regulation contemplates the possibility of a bedroom or a single dwelling room over an accessory-garage. For all practical purposes, the facts before this court indicate two dwellings on a single lot in violation of local zoning.
The decision of the Zoning Board of Appeals is affirmed and the appeal is dismissed. CT Page 5118-TTTT
THE COURT:
BY: KEVIN E. BOOTH, JUDGE