[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 7553
These are two administrative appeals arising out of the action of the Zoning Board of Appeals of the Town of Lisbon granting a variance to M. Ewing and D. Hanafin of Section 4.1 of the Zoning Regulations to conduct "Paint Ball Games" in an R-60 residential zone. In Docket No. CV98-0548170, plaintiff's motion to transfer the case to New London was granted by the court (Parker, J.) on September 28, 1998. Although the cases do not appear to have been consolidated, they were heard together this date.
Section 8-8 limits appeals from decisions from local zoning boards of appeal to parties who are aggrieved by the decision of the Board. In Docket No. CV98-0546869, the evidence indicates that plaintiff, Erik A. Kudlis, is the owner of real property adjacent to the land for which the variance was granted. Accordingly, it is found that the plaintiff is aggrieved within the meaning of the statute and has standing to prosecute this appeal.
In Docket No. CV98-0548170, the court determined that the plaintiff, Planning and Zoning Commission of the Town of Lisbon, is the duly authorized planning and zoning commission of that town and has duties as specified in the Zoning Regulations and the General Statutes of the State of Connecticut.
The court finds that the plaintiff, Planning and Zoning Commission, is aggrieved and has standing to prosecute this appeal under the provisions of Section 8-8 of the General Statutes.
In appeals, such as presented in these two cases from the decision of the Zoning Board of Appeals, it is not the function of the court to retry the case or substitute its judgment for the liberal discretion enjoyed by the defendant Board. Belknap v.Zoning Board of Appeals, 155 Conn. 380, 384 (1967). The burden of overturning the decision of the Board is upon the plaintiffs.Goldreyer v. Board of Appeals, 144 Conn. 641, 646 (1957).
Zoning Boards of Appeal have the power to grant a variance under the General Statutes where two basic conditions are satisfied 1) the variance must be shown not to affect substantially the comprehensive zoning plan; and 2) adherence to the strict letter of the zoning ordinances must be shown to cause CT Page 7554 unusual hardship unnecessary to carrying out the general purpose of the zoning plan. Smith v. Zoning Board of Appeals,174 Conn. 323, 326 (1978).
In Docket No. CV98-0546869, on December 1, 1998, counsel for the defendant, Zoning Board of Appeals, reported that after a review of the record, he had been unable to find reasonable support under the law or the establishment of exceptional difficulty or unusual hardship as required by General Statutes § 8-6 (a)(3) as grounds for the granting of the variance. There being no reasonable grounds for the granting of the variance, the decision of the Zoning Board of Appeals in this case is reversed.
In Docket No. CV98-0546870, the record indicates that on May 14, 1999, the action against the defendant, M. Ewing, was withdrawn. Defendant, D. Hanafin, not having appeared in this case, and the court finding that he is not in the military or naval service of the United States, default is entered against such defendant.
Judicial notice is taken of the memorandum of the Zoning Board of Appeals filed December 1, 1998 in Docket No. CV98-0546869.
Accordingly, judgment is rendered in both cases reversing the decision of the Zoning Board of Appeals, granting the variance which is the subject of both appeals.
Joseph J. Purtill, Judge Trial Referee