ALICE J. FINCH ET AL. *v.* FRED MONTANARI ET AL., ZONING BOARD OF APPEALS OF THE TOWN OF RIDGEFIELD, ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 5—decided June 25, 1956

*Irving Levine,* with whom, on the brief, was *Abram W. Spiro,* for the appellants (plaintiffs).

*Reed F. Shields,* for the appellees (defendants Dann et al.), with whom was *John E. Dowling,* for the appellees (named defendant et al., zoning board of appeals).

INGLIS, C. J. The zoning board of appeals of the town of Ridgefield granted a variance of the zoning regulations to permit the use of property owned by John and Florence Dollar and under contract of sale to Dr. Jordan R. Dann as a site for a veterinary hospital. The plaintiffs, owners of nearby properties, appealed to the Court of Common Pleas. That court rendered judgment dismissing the appeal, and from that judgment the plaintiffs have appealed.

The property in question is located on route 7 in an area zoned for business. In that zone veterinary

hospitals are not permitted. They are allowed only in the light industrial zone. The record of the executive session of the board sets forth, as its reasons for granting the variance, the following: "The Board unanimously granted this variance due to hardship to the town not to have a veterinary hospital. This location is most suitable as any from the standpoint of the people concerned." The only question on this appeal is whether the court erred in concluding that the action of the board in granting the variance for the reason stated was not arbitrary, unreasonable or illegal.

Zoning in Ridgefield is under the general law, chapter 43 of the General Statutes as amended, and not under any special act. Under the general law, the powers of a zoning board of appeals with reference to the granting of a variance are defined as follows: ". . . to determine and vary the application of the zoning by-laws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated a literal enforcement of such by-laws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured." General Statutes § 842. A similar provision in § 13 (A) (8) of the Ridgefield zoning regulations authorizes the granting of a variance "solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations."

Under provisions such as these, a zoning board of

appeals has no power to grant a variance unless it can reasonably find that the strict application of the zoning regulations to a particular piece of property would entail exceptional difficulty or undue hardship. *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240, 244, 56 A.2d 647; *Stavola* v. *Bulkeley,* 134 Conn. 186, 190, 56 A.2d 645. The question presented on this appeal is, therefore, whether the requirements of the statute are satisfied by the finding of the board that the strict application of the zoning regulations preventing the use of the property in question as the location of a veterinary hospital will cause a hardship to the town as a whole, as distinguished from a hardship to the petitioning property owner.

The power to determine what are the needs of a town with reference to the use of the real property located in it and to legislate in such a manner that those needs will be satisfied is, by statute, vested exclusively in the zoning commission. Cum. Sup. 1955, § 373d; Nov. 1955 Sup., § N10; *Olson* v. *Avon,* 143 Conn. 448, 454, 123 A.2d 279. When zoning regulations are enacted by the commission, they operate to restrict the use of private property for the sake of public health, safety and welfare. Accordingly, it is the function of the commission to decide what uses may be made of property to best promote public welfare.

The zoning board of appeals has quite a different function. It stands between the public and the individual property owner to protect the latter from unnecessary hardship—hardship, that is, which, owing to some condition affecting his land peculiarly, he would suffer when it is not necessary for him to do so in order to effectuate the general plan of zoning adopted for the community as a whole. *Service Realty Corporation* v. *Planning & Zoning Board of*

*Appeals,* 141 Conn. 632, 635, 109 A.2d 256; *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 600, 108 A.2d 899.

In short, it is the function of the zoning commission to frame the zoning regulations so as to provide areas in which property may be devoted to such uses as the town needs. It is the responsibility of the zoning commission to protect the welfare of the town as a whole. It is the function of the zoning board of appeals, on the other hand, to protect the interests of the individual landowner by granting a variance when the regulations impose on him a hardship of the nature described in the statute. It follows that the hardship which must exist in order for a zoning board of appeals to grant a variance is a hardship on an individual property owner. The board is not authorized to grant a variance in order to relieve against a hardship suffered by the town as a whole.

In the present case, the only reason assigned by the board for granting the variance was that it was a hardship to the town as a whole to be without a veterinary hospital. The board did not find that the strict application of the regulations would cause a hardship on the owners of the property in question. Indeed, the evidence before them would not have warranted a conclusion that there was such a hardship upon the property owners as would justify the granting of a variance. In the absence of such evidence, the board had no power under either the statute or the regulations to grant the relief sought.

There is error, the judgment is set aside and the case is remanded with direction to render judgment sustaining the appeal.

In this opinion the other judges concurred.