[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is an administrative appeal. The plaintiffs, Otty and Perdita Norwood and Margaret Montelius, appeal a decision by the defendant, the Zoning Board of Appeals for the Town of Branford ("the ZBA") granting variances to the defendants, Ruth MacArthur and Linda MacArthur Anderson, allowing the re-establishrnent of two lots, previously merged for zoning purposes, as separate buildable lots. CT Page 3072
The property, subject of this appeal is designated No. 2 and No. 6 Esther Place, and designated Lots 8 and 9 on a certain subdivision map titled "Map of Land of Margaret M. Montelius, Branford, Connecticut, Scale 1" = 20'. March 4, 1941. James Wesson Phelps, Land Surveyor".
The plaintiffs are owners of land abutting or within one hundred feet of the subject property, and were found aggrieved for the purposes of taking this appeal at a hearing held on November 17, 1998.
 II
In 1941 a certain parcel of land was subdivided by Margaret Montelius into ten lots, including the above-cited lots 8 and 9. Lots 8 and 9 had separate ownership until December 13, 1974, when the defendant Ruth MacArthur, who had owned Lot 8 since 1967 (ROR U), acquired title to the adjoining Lot 9 from her husband, S. Kelsey MacArthur.(ROR R).
The Town had adopted zoning regulations in 1956 which rendered lots 8 and 9 nonconforming. Section 5.1 reads:" Intent: It is the intent of these Regulations that nonconformities are not to be expanded, that they should be changed to conformity as quickly as the fair interest of the owners permit and that the existence of any existing nonconformity shall not of itself be considered grounds for the approval of a variance for any other property".
Section 5.11 allows construction of a building on a nonconforming lot, provided that: Section 5.11.4[1] If the parcel fails to meet the area requirements of these Regulations, the owner of the parcel shall not also have been, at any time since the enactment of the Zoning Regulations on December 3, 1956, the owner of contiguous land which in combination with such parcel that fails to conform would make a parcel that conforms or more nearly conforms to the area requirements of these Regulations pertaining to lots."
Applying this provision to a situation such as presented in the instant case, the effect would be to "merge" two adjoining lots into one lot that more nearly conforms to the regulations when said lots have a common owner. In the situation presented here, a merger would change the subject property from two non-conforming lots to one conforming lot. CT Page 3073
Ruth MacArthur owned a dwelling located on Lot 9. In October of 1979, she applied for a building permit to construct an addition to this dwelling. In her application she represented that Lots 8 and 9 comprised a single parcel of land. The addition, an enclosed porch, as approved and constructed, extended over the old boundary line between
Lots 8 and 9. On March 1, 1989, Ruth MacArthur quit-claimed that portion of land known as Lot 8 to her daughter, the defendant Linda MacArthur Anderson. The transfer was made without seeking or obtaining subdivision approval.
On June 27, 1997, Anderson entered into a contract to sell the land designated as Lot 8 to the defendant Salvatore Marrotoli.
In November of 1997, Linda MacArthur Anderson applied for variances which she hoped would allow construction of a dwelling on Lot 8. That application was denied without prejudice by the ZBA on January 27, 1998, on the grounds that the two subject lots had merged by operation of Section 5.11.4 of the regulations. An appeal of the denial was taken to Superior Court but was later withdrawn.
Meanwhile, on March 30, 1998, Ruth MacArthur and Linda MacArthur Anderson, again applied to the ZBA for variances which they hoped would permit construction of a dwelling on the Lot 8 portion of land. On May 19, 1998, the ZBA granted said application on the ground of hardship. The appeal to this court followed.
 III
The function of a zoning board of appeals is to stand "between the public and the individual property owner to protect the latter from unnecessary hardship — hardship, that is, which, owing to some condition affecting his land peculiarly, he would suffer when it is not necessary for him to do so in order to effectuate the general plan of zoning adopted for the community as a whole", Finch v. Montanari, 143 Conn. 542, 545. Pursuant to General Statutes, Section 8-6 (a)(3), the ZBA `has the power and duty "to determine and vary the application of the zoning bylaws, ordinances and regulations in harmony with their general purpose and intent and with due consideration for CT Page 3074 conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured . . ."
The granting of a variance must be reserved for unusual or exceptional circumstances. An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone. A ZBA is authorized to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance; and neither financial loss nor the potential for economic gain is the proper basis for granting a variance,Bloom v. Zoning Board of Appeals, 233 Conn. 198, 207-8
(citations, internal quotation marks omitted).
 IV
The defendant ZBA gave no reasons for its decision granting the subject application. Accordingly, the court is obliged to search the record to determine if there is some valid basis for the action taken, Grillo v. Zoning Board of Appeals,206 Conn. 362, 369. After its search of the record the court reaches the following conclusions:
1. In its prior proceeding the ZBA correctly concluded that a merger was effected by operation of law at the time when Ruth MacArthur acquired the property referred to as "Lot 8". Such being the case, that defendant's intent in completing said purchase is not germane. Her conduct, in building an addition to her house which extended onto Lot 8, confirmed the merger. The action of her builder, Anthony Barraco, in treating Lots 8 and 9 CT Page 3075 as merged, on the application for building permit, is attributed to Ruth MacArthur.
2. The policy of the Town of Branford, as reflected in Section 5.11.4 of its zoning regulations, is to reduce, and not to expand, nor to reestablish, non-conformities.
3. The variances granted here are inconsistent with the aforesaid town policy.
4. The applicants failed to show that application of the regulations would create a hardship unique to their situation or differing from that imposed by the regulations on any other landowners similarly situated, who create a merger by reason of purchasing property abutting their land, Spencer v. Zoning Boardof Appeals, 15 Conn. App. 387, 391.
5. The defendant Anderson acquired "Lot 8" subject to any and all encumbrances running with the land, and her acquisition did not nullify or terminate the existing merger. See Fuller, Land Use Law and Practice, Connecticut Practice, vol. 9, Section 53.6 (1993 ed.): A merger is only for zoning purposes and there is no merger for title purposes.
6. The town tax assessor's treatment of the subject property as two separate lots has no bearing on the issue of merger and any increased taxation occasioned by such treatment does not constitute legal hardship such as to support granting of said variances. See Spencer v Zoning Board of Appeals, supra, at 391, where the town's practice of taxing a parcel as two separate lots while refusing to allow the owner to build a second dwelling on the parcel was deemed no hardship.
7. The defendants failed to establish "exceptional difficulty" or "unusual hardship" which would be occasioned by the denial of the variances sought. Neither financial loss nor the potential for economic gain is the proper basis for granting a variance, Bloom v. Zoning Board of Appeals, supra, at 208.
8. It is not the zoning regulations per se, but rather the operation of said regulations combined with voluntary acts of the applicants, in merging said lots, building a dwelIing addition straddling the old boundary line between the two lots, selling that portion known as Lot 8 and seeking to reestablish lot 8 as a separate buildable lot which give rise to the claimed CT Page 3076 hardship. The court finds any hardship to the defendants MacArthur and Anderson arising from a denial of the variances sought is self-created.
9. The defendant Anderson's claim that her loss of opportunity to sell Lot 8 as a buildable lot for the sum of $240,000 constitutes legal hardship, is unavailing. Financial loss or the potential for financial gain is not the proper basis for a variance and does not constitute legal hardship, Bloom v.Zoning Board of Appeals, supra, at 208.
10. Whatever the loss in value of Anderson's property occasioned by a denial of the variances sought, such denial does not amount to confiscation. Lot 8 remains an attractive potential addition to an abutting landowner's property and its value is neither destroyed nor so drastically reduced as to amount to confiscation.
In summary, a search of the record reveals no valid reasons to support the defendant ZBA's decision to grant the variances sought. Lots 8 and 9 merged with the purchase by Ruth MacArthur of Lot 8 in 1974. The variances sought are inconsistent with the genera purpose of the zoning regulations. The hardships claimed by the applicants were self-created, are based on claims of financial loss or gain to the applicants, are not unique to the applicants, and any loss in value occasioned by a denial of the variances sought is not so severe as to constitute practical confiscation.
The ZBA's attorney advances a theory which is ingenious, but ultimately unpersuasive. He asks the court to focus on Lot 8. Prior to its purchase by Ruth MacArthur Lot 8 is a non-conforming, buildable lot. Once purchased by MacArthur, Lot 8 cannot possibly be rendered less non-conforming, because of the dwelling already existing on Lot 9. Nothing could be taken from Lot 9 to make Lot 8 less nonconforming. To combine Lot 9 with Lot 8 would not make Lot 8 a parcel that conforms or more nearly conforms with the area requirements of the regulations. Hence, counsel argues, there was no merger at the time Ruth MacArthur purchased Lot 8. To hold otherwise would constitute a "taking" as the owner of the property deemed merged could never utilize Lot 8 as a buildable lot. Under this theory it is most likely, counsel suggests, that the application for variances at issue need not have been filed. Counsel asks the court remand this matter to the defendant ZBA to determine if, indeed, any variances are CT Page 3077 required.
To interpret the regulations thusly would be contrary to the purpose of the zoning regulations, Section 5 — Non-conformity. It would carve out an exception from Section 5.11.4 which was never contemplated by its authors. If the authors of Section 5.11.4 wished to establish that the purchase by the owner of a non-conforming lot, on which was dwelling, were free to purchase contiguous land exempt from the operation of Section 5.11.4, such exemption could have been stated. The purchase by Ruth MacArthur of Lot effected a merger and ended Lot 8's independent existence as a non-conforming buildable lot. Said purchase transformed Lots 8 and 9 from two non-conforming lots into single conforming or less non-conforming lot. The finding that the purchase by Ruth MacArthur of Lot 8 effected a merger for zoning purposes does not constitute a "taking"; e zoning regulations in question predated MacArthur's purchase and predated the transfer to Anderson of that portion of land designated as Lot 8 and the property has not been stripped of any possible use.
 V
Accordingly, the court finds that the defendants have established, by a fair preponderance of the evidence, that the defendant Zoning Board of Appeals for the Town of Branford, in granting the applications for variance of Ruth MacArthur and Linda MacArthur Anderson, acted arbitrarily, capriciously and in abuse of its discretion The plaintiffs' appeal is sustained, and the decision of the defendant Zoning Board of Appeals is reversed. The applications of the defendants, Ruth MacArthur and Linda MacArthur Anderson, for variances are denied.
By the Court, Downey, J.