[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF LAW
 I
This is an administrative appeal, taken pursuant to General Statutes, Section 8-8, appealing the denial by the defendant, the Zoning Board of Appeals for the Town of Branford ("the ZBA") of an appeal taken by the plaintiffs of a refusal by the zoning enforcement officer ("the ZEO") to revoke a certificate of zoning compliance previously issued to the defendant, Thomas Simjian.
The facts giving rise to this dispute are as follows. On or about May 1, 1997, Simjian applied for a building permit to expand vertically a garage located at 9 Etzel Road in the Town of Branford to allow the addition of a second story to said garage. The addition was to be used for storage space and as an exercise room. The garage in question is an existing non-conforming structure.
On August 26, 1997, after Simjian modified his plan to ensure that the existing footprint" of the structure would not be CT Page 3065 altered by the planned addition, the town's zoning enforcement officer issued a certificate of zoning compliance. On September 8, 1997, the town's building official issued a building permit for said addition. The building permit expires, if work is not commenced within six months of the date of issuance, unless renewed by the building official.
On or about April 2, 1998 Simjian began demolition of the roof of said garage preliminary to constructing said addition. The plaintiffs promptly objected to the ZEO, asking that she revoke the said certificate of zoning compliance. The ZEO refused to do so, and the building official re-issued the said building permit. Upon the ZEO's refusal to revoke, the plaintiffs appealed that refusal and the building official's decision, to the defendant ZBA.
On May 19, 1998, the ZBA held a hearing on said appeal and at a meeting held on that same date, voted to deny plaintiffs' appeal. This-appeal followed. A hearing was held in this court on November 17, 1998, at which the plaintiffs were found aggrieved for purposes of standing to bring this action.
 II
Pursuant to General Statutes, Section 8-6, the ZBA's powers and duties include: "(1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the officer charged with the enforcement of this chapter [General Statutes, Chapter 124 — Zoning] or any by-law, ordinance or regulation adopted under the provisions of this chapter; . . . :" The function of a zoning board of appeals is to stand "between the public and the individual property owner to protect the latter from unnecessary hardship — hardship, that is, which, owing to some condition affecting his land peculiarly, he would suffer when it is not necessary for him to do so in order to effectuate the general plan of zoning adopted for the community as a whole," Finch v. Montanari, 143 Conn. 542,545. The ZBA's jurisdiction is fixed by Section 1.1 of the Zoning Regulations of the Town of Branford ("Regulations"). The officer charged with enforcement of the Regulations is the Zoning Enforcement Officer, "who may also be", but in this case is not, "the Building Inspector", Regulations, Section 3.1.
In hearing an appeal of a ZEO's decision, the ZBA acts in a quasi-judicial capacity. Boards of appeal are necessarily CT Page 3066 entrusted with the function of deciding, within prescribed limits and consistent with the exercise of a legal discretion, whether a regulation applies to a given situation, and the manner of its application (citations omitted), Connecticut Sand StoneCorporation v. Zoning Board of Appeals, 150 Conn. 439, 442. In discharging this responsibility, a board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal Id. (citation omitted). A court should be cautious about disturbing the decision of a local board where it appears that an honest judgment has been reasonably and fairly exercised,Stern v. Zoning Board of Appeals, 140 Conn. 241, 246. A court is entitled to accord considerable deference to a board policy, interpreting its regulation (citations omitted), Fedorich v.Zoning Board of Appeals, 178 Conn. 610, 616.
 III
The plaintiffs urge their appeal be sustained on four grounds: 1. The defendant Board failed to apply the proper standard of de novo review to the conduct of the Zoning Enforcement Officer in issuing a certificate of zoning compliance or to the Building Official in renewing the permit, i.e., the Board failed to interpret for itself the applicable zoning regulations and code provisions; 2. The Board failed to act on the appeal from the decision by the Building Official to renew the building permit; 3. The Zoning Regulations of the Town of Branford require that an applicant obtain variances before vertically expanding a structure which is non-conforming to setback requirements of the zoning regulations; 4. The reasons for denial furnished by the Board are unsupported by evidence or law.
 lV
General Statutes, Section 8-7 provides that appeals from a ZEO's decision may be taken to the ZBA "within such time as is prescribed by a rule adopted by said board or, if no such rule is adopted by the board, within thirty days." Branford has no such rule, so the statutory time limit prevails. The defendants argue that the plaintiffs' appeal was untimely, in that the certificate of zoning compliance was issued August 26, 1997 and the plaintiffs' appeal to the ZBA was not taken until after the time allowed by statute in which to take such appeal. A statutory right to appeal may be taken advantage of only by strict CT Page 3067 compliance with the statutory provisions by which it is created,Bridgeport Bowl-O-Rama. Inc. v. Zoning Board of Appeals,195 Conn. 276, 283, (citation, quotation marks omitted). The plaintiffs argue that since no notice was given of issuance of the certificate of zoning compliance, their first notice was when Simjian began demolition of the existing structure on or about April 2, 1998 and thus their appeal of the ZEO's refusal of their request that the ZEO revoke the certificate of zoning compliance was timely. The right to appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing there is a decision to be appealed from, Loulis v. Parrott, 241 Conn. 180, 191
(quotation marks, citation omitted). "Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless", Id (citations omitted). The defendant ZBA treated the plaintiffs' appeal from decision of zoning enforcement officer and building official as timely filed. The court finds that the plaintiffs had no notice, actual or constructive, of the ZEO's action in granting the certificate at issue, and will treat the plaintiffs' appeal to the ZBA as timely. Loulis v. Parrott, 241 Conn. 180.
 V
It is undisputed that the garage at issue is an existing non-conforming structure. Section 5.7 of the Zoning Regulations of the Town of Branford states, in pertinent part:
"No non-conforming building or structure shall be enlarged, extended, reconstructed or structurally altered, if the result would be an increase in nonconformity."
The plaintiffs contend that the vertical addition at issue constitutes such an increase in non-conformity, requiring Simjian to obtain a variance before construction of said addition.
Since 1987 the ZBA had relied on an opinion of the then Town Attorney, Church, that a vertical addition to a non-conforming structure did not increase the nonconformity, and that no variance was required to erect such addition. Sometime in the summer of 1997 a successor Town Attorney (Fasano) advised town officials that he believed such addition did, indeed, constitute an increase in a non-conformity, requiring a variance. It appears that Fasano's opinion was rendered orally, perhaps by telephone. By Memorandum dated March 13, 1998, the current Town Attorney CT Page 3068 (Bellamy) stated her position that such addition was an increase in non-conformity. It appears from the record that ZBA members, in their discussion of the appeal at issue accepted the current Town Attorney's interpretation as currently operative.
The ZEO indicated that at the time she issued the certificate of compliance, on or about August 26, 1997, she was guided by the 1987 opinion of Church, since she had never received notice, written or oral, that the ZBA's policy, based on the Church opinion, had changed. Had she been presented with the identical application for certificate of zoning compliance in April, 1998, she would have denied it in reliance on the new policy enunciated in the current Town Attorney's Memorandum of March 13, 1998. Unlike the building permit, which expires if not acted upon within six months, the certificate of zoning compliance carried no expiration date, and the ZEO declined t revoke said certificate.
At its meeting of May 19, 1998, the ZBA, by a vote of 4-1, denied the plaintiff's appeal of the ZEO's action. The ZBA Chairman articulated its reasons as follows:
"The Zoning Enforcement Officer was acting consistently with the law and the rules as she knew them at the time and that there appears to be another potential remedy for the appellate [sic]."
This appears to be in accordance with the reasons given in the notice to the plaintiffs of denial of their appeal, dated May 19, 1998 (ROR L):
"ZEO was acting consistently under rules as were understood at the time — other remedy available."
The ZBA's reasons for denying the plaintiffs' appeal were again stated in the Minutes of the ZBA's May 19, 1997 meeting: "The Board denied the Appeal of the Decision of the Building Official and ZEO Officer to issue a Building Permit and a Certificate of Zoning Compliance to Thomas Simjian, 9 Etzel Road because it was felt that the ZEO was doing what has always been done when someone requests a building permit and a Cert. of Compliance is issued at the time. Once a certificate is issued it doesn't expire and generally the Building Permit is just renewed who requested [sic]. A Certificate of Occupancy may not be issued when the building is complete if it does not comply with the site plan."(ROR 9). CT Page 3069
The plaintiffs correctly state that the ZBA was required to conduct a de novo review of the ZEO's action. "[Ilt is clear from both the entire statutory scheme and our zoning case law that the zoning board hears and decides such an "appeal" de novo . . .", Caserta v. Zoning Board of Appeals, 226 Conn. 80, 88. The defendants argue that that is what the ZBA did. The court agrees with the defendants.
lt is important to understand just what the ZBA was being asked to decide; the plaintiffs were asking the ZBA to decide that the current interpretation — that a vertical addition to a non-conforming structure was an increase in non-conformity, requiring a variance, was applicable to Simjian's application for a certificate of zoning compliance and that the previous interpretation — that such vertical addition was not an increase in non-conformity, and thus did not require a variance — did not apply at the time of Simjian's application. The plaintiffs did not press the merits of either interpretation but claimed that Fasano's interpretation governed on August 26, 1997, when the ZEO, mistakenly relying on the previous, Church, opinion, granted the certificate of zoning compliance. The gravamen of the plaintiffs' argument is that the ZEO made a mistake, and that the ZBA, rather than conduct a de novo review, endorsed the ZEO' mistake as made in good faith. The plaintiffs have failed to establish this claim by a fair preponderance of the evidence. Neither the reasons given by the ZBA for denial of the plaintiffs' appeal, nor the record require the conclusion that the ZBA was endorsing what it concluded was a mistake by the ZEO. Rather, a fair reading of the reasons given and of the record underlying the decision permits the conclusion that the ZBA did not consider the interpretation by Fasano as binding in any way, and that the ZBA considered the Church interpretation as its policy at least up to the time of the Bellamy memorandum of March 18, 1998. The ZBA in its reasons did not declare the ZEO mistaken, but correct, in issuing the certificate in August, 1997. In denying the plaintiffs' appeal the ZBA, by clear implication, endorsed the ZEO's refusal to revoke the said certificate. This permits the conclusion that the ZBA, in so acting, refused to apply the Bellamy interpretation retroactively.
The plaintiffs point to language in the Bellamy memorandum: "In surnmary, I see no reason to change the interpretation of subsection 5.7 of the Branford Zoning Regulations", as well as to CT Page 3070 several applications for variance submitted, subsequent to May, 1997, by landowners seeking to construct vertical additions to structures, as indicative of the fact that the Fasano interpretation was the reigning interpretation as of August 26, 1997. The Bellamy quotation is insufficient to sustain the plaintiffs' burden and there could be any number of reasons why the cited applications for variance were filed, none necessarily supporting the plaintiffs' claims.
 VI
The plaintiffs argue that their appeal should be sustained because the Board failed to act on the appeal from the decision by the Building Official to renew the building permit. The plaintiffs cite no provision in the zoning regulations authorizing the ZBA to reverse a decision by the Branford building official to renew a building permit. The ZBA wisely confined itself to a review of the ZEO's decision to issue a certificate of zoning compliance. Issuance of a certificate of zoning compliance is a prerequisite to the issuance of a building permit. Had the ZBA reversed said decision by the ZEO, the plaintiffs would be free to pursue the implications of such decision on the building permit in another forum. Different towns have differing schemes of regulation. The zoning regulations of some towns specify a ZBA's authority over a building official; in some towns, the functions of building inspector and zoning enforcement officer are vested in the same individual. Such was not the case in Branford, at the time of the events giving rise to this appeal. The plaintiffs have failed to establish that the ZBA had the authority to act on their appeal of the Building Official's decisions to grant or renew the said building permit.
 VII
The plaintiffs, in stating as grounds for sustaining their appeal, that the" Zoning Regulations of the Town of Branford require that an applicant obtain variances before vertically expanding a structure which is non-conforming in setback requirements of the zoning regulations", invites the court to make such a finding. The court declines the invitation. The ZBA has the authority not only to decide whether a particular section of the zoning regulations applies to a given situation, but also to decide "the manner in which it does apply". A ZBA has the discretion to change its interpretation of a regulation and one interpretation is not necessarily "correct" and another CT Page 3071 "incorrect." What is required of a ZBA is consistency over time, and, should a new interpretation of a regulation be adopted, that it have a rational basis and that applicants be given some sort of notice of its adoption. In the instant case, having found the ZBA's reliance on the Church interpretation was legal, it serves no useful purpose to pass judgment on its merits, as contrasted to the merits of the Bellamy interpretation.
 VIII
The Court finds that the plaintiffs have failed to establish, by a fair preponderance of the evidence, that the defendant ZBA, in denying the plaintiffs' appeal of the ZEO's decision, acted illegally, arbitrarily or in abuse of its discretion.
Accordingly, the decision of the defendant, the Board of Zoning Appeals of the Town of Branford, is affirmed, and the plaintiffs' petition is dismissed.
By the court, DOWNEY, J.