[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
CT Page 16889 This is a land use appeal. The plaintiff, David Wine ("Wine"), appeals from a decision of the defendant, the Zoning Board of Appeals of the Town of Madison ("the Board"), granting the application of the defendant, Gregg T. Fedus ("Fedus"), for variances with regard to real property located at 89 Blakeman Road in the Town of Madison.[1]
On or about January 12, 1999, Fedus filed an application (No. 7276) for variances to allow renovation of an existing dwelling to include the addition of a second floor. A hearing on the application was held on February 2, 1999 and, following the close of said hearing, the defendant Board voted to approve the application. This appeal followed.
A hearing was held on August 31, 1999, at which the plaintiff, Wine, was found aggrieved for purposes of standing to take this appeal.
 II
In his appeal the plaintiff claims that in granting the application, the ZBA acted illegally, arbitrarily and in abuse of discretion in that:
(A) there was no finding, and the record does not support a finding, that the dwelling at 89 Blakeman Road was in such a condition that a legal hardship was established;
(B) there was no finding, and the record does not support a finding, that a "hardship" arose from conditions different in kind from that generally affecting properties in the same zoning district;
(C) there was no finding, and the record does not support a finding, that said conditions were outside the property owners' control;
(D) there was no finding, and the record does not support a finding, that the enlargement proposed by the applicant was in character with the neighborhood for similar sized dwellings on similar size lots;
(E) there was no finding, and the record does not support a finding that the dwelling could not be renovated in such a way as to create a conforming enlargement, and there was no evidence CT Page 16890 establishing that the dwelling could not be renovated in such a way that the existing non-conformance was not extended or expanded;
(F) there was no finding, and the record does not support a finding, which supports a "hardship" upon any other basis within the meaning of the law; and
(G) DONNA B. FEDUS was a necessary but absent party to the ZBA proceedings on the application for variances granted.
 III
Pursuant to General Statutes, Section 8-6 (a)(3) and Section 13.3.3 of the Zoning Regulations of the Town of Madison ("Regulations"), the defendant board has the power and duty to "determine and vary the application of provisions of these regulations in harmony with their general purpose and intent, and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land, where owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of these regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and public safety and welfare secured."
The function of a zoning board of appeals is to stand "between the public and the individual property owner to protect the latter from unnecessary hardship — hardship, that is, which, owing to some condition affecting his land peculiarly, he would suffer when it is not necessary for him to do so in order to effectuate the general plan of zoning adopted for the community as a whole", Finch v. Montanari, 143 Conn. 542, 545 (citations omitted).
The granting of a variance must be reserved for unusual or exceptional circumstances, Bloom v. Zoning Board of Appeals,233 Conn. 198, 206-07 (citations omitted). "An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone", Id at 207. (citation omitted) Accordingly a zoning board of appeals is authorized to grant a variance only when two basic requirements CT Page 16891 are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance; and neither financial loss nor the potential for economic gain is the proper basis for granting a variance, Id., at 207-08. "The hardship which justifies a board of zoning appeals in granting a variance must be one which originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved", Whitaker v. ZoningBoard of Appeals, 179 Conn. 650, 658. A zoning board of appeals is endowed with liberal discretion and its actions are subject to review only to determine whether its decisions are unreasonable, arbitrary, illegal or capricious, Irwin v. Planning ZoningCommission, 244 Conn. 619, 628. Courts are not to substitute their judgment for that of the Board and decisions of the Board will not be disturbed as long as honest judgment has been reasonably and fairly exercised after a full hearing, Torsiellov. Zoning Board of Appeals, 3 Conn. App. 47, 49. Where a zoning authority states the reasons for its action, the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the board is required to apply under the regulations, Irwin v. Planning Zoning Commission, supra, at 629. (citation omitted).Where a zoning board of appeals fails to state upon the records the reason for its decision, the court must search the record to determine if there is some valid basis for the action taken, Grillo v. Zoning Board of Appeals,206 Conn. 362, 369.
 IV
The subject property is a single story, three bedroom ranch on a lot measuring 7949.99 square feet. Both the lot and the dwelling are legally non-conforming, predating regulation. The property is in an R-2, Residential, district.. The lot is located at the intersection of Blakeman Road and Kelsey Place and measures approximately 105 feet by 75 feet. The dwelling contains approximately 1600 square feet of living area. CT Page 16892
At the public hearing the defendant Fedus characterized the present condition of the dwelling as dilapidated. By his application (No. 7276) Fedus sought to renovate the existing dwelling, to include addition of a second floor over a portion of the existing footprint. The square footage of the dwelling would be increased from 1600 feet to approximately 2500 feet. The number of bedrooms would remain at three. It should be noted that this is a somewhat scaled down version of a prior proposal (Application No. 7271) and reflects changes the applicant made in an effort to respond to concerns raised by board members and neighbors regarding the prior proposal.
The defendant Fedus represented, without contradiction, that under the current regulations the buildable footprint would be 23.5 feet by 2.5 feet, and that he would need variances simply to renovate the present dwelling without additions.
.By his application Fedus sought variances as to the requirements of Sections 12.6, 3.6(f), 2.10 and 3.6(d) of the regulations.
Section 2.10 reads:
Lots on Narrow Streets
"In the case of lots fronting on streets less than 50 feet in width, the required front yard shall be increased by one-half the difference between 50 feet and the actual width of the street."
Section 3.6 reads: "Building Regulations — R-2 District . . .
(d) Maximum building coverage, all buildings: 10% . . .
(f) Minimum yards:
Front: 40 feet
Rear: 30 feet
Side: 20 feet each side"
Section 12.6 reads: "No building which does not conform to the requirements of these regulations regarding the building height limit, area and width of lot, percentage of lot coverage, and required yards and parking facilities shall be enlarged unless such enlarged portion conforms to the regulations applying CT Page 16893 to the district in which it is located."
Following the close of the February 2, 1999 public hearing the board met and after discussion voted in favor of a motion to approve the application for variances. The movant stated: "The hardship is that we have a deteriorating structure on a lot that predates zoning. "(Return of Record, Exhibit 1, p. . 46). In his letter of notification to Fedus, the Zoning Officer stated: "It was the consensus of the Board that the hardship shown is a deteriorating structure on a lot that pre-dates zoning. "(Return of Record, Exhibit 5.b) The board did state its reason with regard to the "hardship" prong of the two required findings, but with regard to the application's not affecting the town's comprehensive zoning plan, although the board's members discussed the impact of the proposed construction on the neighborhood, the board did not state its reason.
In its certificate of variance, (Return of Record, Exhibit 5. a) the board certified that a variance was granted to vary the application of Sections 2.10, 3.6 (d f) and 12.6 of the regulations. The nature of the variance granted was: "To allow 10.1ft. and 6.4 ft. side yard variances, 25.5 ft. and 39.1 ft. front yard variances, and 27.6% area coverage to allow renovations and an addition of second floor over a portion of a dwelling on a narrow street, as presented at the hearing."
In varying the requirements of regulations, Section 12.6. The Board could take into consideration that the building as currently existing is permitted as a legal nonconformity by the regulations and the proposed addition of a partial second story needs no height or square footage variance and will not increase the existing non-conformities.
After review of the record the court finds there is substantial evidence in the record to support the defendant board's finding of hardship, substantial evidence in the record to support a finding of unusual hardship arising from the land and not self-inflicted and substantial evidence in the record to support a finding that the proposed project did not adversely affect the comprehensive zoning plan.
The board properly found that the hardship was created by virtue of the fact that Fedus had a deteriorating structure on a non-conforming lot. There was evidence in the record that the building needed major renovation, that because of the size, CT Page 16894 location and shape of said lot and building, an owner, seeking to renovate the building would need to apply for variances. The hardship originated in the ordinance and arose out of circumstances or conditions beyond the control of the defendant Fedus, Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 658
and was not self-created. While Fedus claimed that merely renovating the dwelling might not make financial sense (Return of Record, Exhibit 1, p. 18), that was not the reason stated by the Board. It should be noted that this was not a case where the applicant sought to expand the building's footprint or further to encroach on the lot coverage and yard minimum requirements stated in regulations, Sections 3.6(d) and (e). The overall result of the proposal was to reduce the existing non-conformities.
It is clear from the record (Return of Record, Exhibit 1, p. 20 [Grundeman], p. 22 [Wine}, p. 27 [Griffin] that the major concern of the opponents of the application was the "bulk", that is the addition of some 900 square feet of living space, by adding a partial second story to a building on a small lot with the dwelling situated close to the property line. Because the applicant neither sought nor needed a height variance, this objection is addressed by the court in the context of the effect of the proposed construction on the comprehensive zoning plan. The comprehensive plan is found in the zoning regulations themselves, Pike v. Zoning Board of Appeals, 31 Conn. App. 270,277. The board members discussed this issue in terms of the character of the neighborhood and the impact of the proposed addition on the neighborhood. The commissioners drew on their knowledge of the neighborhood, they had testimony from two neighbors who spoke in favor of the application (Return of Record, Exhibit 1, p. 18 [Clark], p. 19 [Pratt], they had photos of nearby dwellings submitted by the applicant; they had an architect's rendering submitted by David Wine, superimposing a sketch of the addition on a photograph of the current structure. The court finds there is substantial evidence in the record to permit a finding that the proposed construction does not substantially or negatively affect the comprehensive zoning plan.
The court finds that the Board, having found legal hardship, had the discretion to vary the requirements of regulations Section 12.6 to allow the proposed addition as not affecting the comprehensive zoning plan.
 V CT Page 16895
In his Brief the plaintiff Wine raises the claim that "ZBA Board members hearing and considering the record application were presented with and considered evidence outside of the record." The claim has to do with the fact that three of the four board members were in attendance at a public hearing on January 5, 1999 on the prior application (No. 7271) First, the plaintiff claims that the three members who attended that hearing improperly" heard and considered" evidence from the January 5, 1999 hearing which they improperly used in reaching their decision on the instant application. Further, the plaintiff claims this placed the member who had not attended the January 5th hearing "at a disadvantage." These claims are without merit. Board members may rely on their own knowledge including knowledge of prior applications relating to the same property, Fuller, Land Use Lawand Practice (Conn. Prac. Vol. 9), S. 21.5; Holt-Lock, Inc. v.Zoning Planning Commission, 161 Conn. 182, 191. If the member not present on January 5th (Gartland), felt at a disadvantage she was free to raise the issue. There was a full presentation of the revised proposal at the February 2, 1999 public hearing with extensive and detailed comparisons of the first proposal to the revised proposal. Gartland had an ample record on which to base her vote and the claim she was at a disadvantage has not been substantiated.
Finally, the court finds that Donna B. Fedus was not a necessary party to the Board's proceedings on the subject application.
 VI
The court finds that there is substantial evidence in the record to support the decision of the defendant board to grant the subject application for variances.
The plaintiff has failed to establish, by a fair preponderance of the evidence, that the board, in granting said application, acted illegally, arbitrarily or in abuse of the discretion vested in it.
Accordingly, the petition is dismissed and judgment may enter in favor of the defendants, Gregg T. Fedus and the Zoning Board of Appeals of the Town of Madison.
By the Court, CT Page 16896
Downey, J.