[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to General Statutes § 8-8, the plaintiff, William T. Esposito, appeals the decision of the defendant, Zoning Board of Appeals of the Town of Hamden (board), granting a height variance to the codefendant, Whitney Towers, LLC (Whitney) and the decision of the Planning Zoning Commission of the Town of Hamden (commission) granting Whitney's application for site plan approval.
Since 1996, Whitney has owned property at 2405 Whitney Avenue in Hamden. The property has been, and is currently, used as an eight story residential apartment complex. The height of the existing building is seventy-five feet. On December 21, 1998, Whitney applied to the the board for a variance from Section 516 of the Hamden zoning regulations[1] in order to build a seventy five foot high addition to its current building. Whitney requested the height variance to provide consistency with the expansion of the current building into an extended-stay suites hotel. Whitney's stated hardship for needing the height variance is that the "ability to blend the addition using the 35 feet height would change the character of the site." CT Page 1151
After a January 21, 1999 hearing on the application, the board approved the variance. A subsequent application for site plan approval, based on the variance, was granted by the commission. The plaintiff, as an abutting land owner, is aggrieved by both actions and, therefore, has standing to appeal. General Statutes § 8-8 (a).
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established." Bloomv. Zoning Board of Appeals, 233 Conn. 198, 205, 658 A.2d 559
(1995). "[T]he trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal." Id. "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing." (Internal quotation marks omitted.) Bloom v. ZoningBoard of Appeals, supra, 233 Conn. 206. "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision." Francini v. ZoningBoard of Appeals, 228 Conn. 785, 791, 639 A.2d 519 (1994).
The plaintiff claims that the board granted the variance to Whitney without proof of an unusual hardship. The plaintiff argues that the only hardship faced by Whitney in this situation is that "it is unable to construct an addition of equal height to a current nonconforming apartment building because of the [r]egulation's height limitation." The plaintiff further argues that "[t]he [b]oard ignored the fact that a thriving apartment complex operates on the [p]roperty, and therefore, the [b]oard abused its discretion in finding that a hardship existed and [it] acted illegally by granting the variance."
The defendant argues that "the topographic conditions of the property necessitated the height variance because, based on the existing property elevations and slope, the addition would not be in keeping with the character of the existing building. . . . [and the board's] acknowledgment of the hardships imposed by the topography and site conditions in this case supported it's granting the requested variance." CT Page 1152
"It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances." CumberlandFarms, Inc. v. Groton, 247 Conn. 196, 215, 719 A.2d 465 (1998). "Variances cannot be personal in nature, and may be based only upon property conditions." Reid v. Zoning Board of Appeals,235 Conn. 850, 857, 670 A.2d 1271 (1996). "[P]ersonal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." (Internal quotation marks omitted.) Id.
"The authority of a [board] to grant a variance under General Statutes [§ 8-6 (a)(3)][2] requires the fulfillment of two conditions: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. . . ." (Citations omitted; internal quotation marks omitted.) Francini v. Zoning Board of Appeals,
supra, 228 Conn. 790.
"Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. . . . A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance . . . and neither financial loss nor the potential for financial gain is the proper basis for granting a variance." (Citations omitted.) Bloom v. Zoning Board of Appeals, supra,233 Conn. 207-08.
The first step in determining whether the board acted properly is to consider the stated reasons for the board's granting of the variance. Bloom v. Zoning Board of Appeals, supra, 233 Conn. 208. "Where [the board] does not formally state the reasons for its decision, however, the trial court must search the record for a basis for the board's decision." Id. Because the board has not provided a collective official reason for its action here, the court must first search the record to ascertain whether the evidence supports the granting of the variance. See id.
The record reveals no evidence of a legal hardship. Judy Gott, a Whitney representative, testified at the public hearing that "[t]his hardship is created on the basis that the original building that is there now is 75 feet high. . . . To make the building fit the character of what's currently there, you need to add an addition that looks and meets the standards of the current building to be able to provide for the pool and the exercise area CT Page 1153 and the beautiful view, of course." Thomas McDonald, the architect for this project, testified that "part of the reason why we have to go to a slightly higher height is because of our amenities that we put on the top floor. . . ." When pressed to explain the hardship, Gott responded that "[y]ou need to have the height to blend the two buildings, otherwise you are creating a building that's not going to fit with the character of that particular site."
Unremarkably, the discussion at the board meeting, following the public hearing, centered around the fact that the "Commissioners all agree that the hotel is a good idea, but are having a problem with the hardship." Commissioner Kleinerman opined that she "doesn't believe the 4' slope is a hardship." Yet, despite the Commissioners' "problem with the hardship," the vote was four in favor with only Commissioner Dimenstein abstaining.
The record contains no evidence of a unique hardship that would allow for the granting of a variance on this property. The record reveals that the property does, indeed, have a steep slope. However, "limitations imposed by the shape [or slope] of a lot do not, in themselves, create a hardship." Bloom v. Zoning Board ofAppeals, supra, 233 Conn. 210. The defendant presented no evidence, nor made any assertion, that without the variance the property would become worthless. See id. On the contrary, the building is a viable eight-story apartment complex providing housing to many tenants as well as income to the property owners. Indeed, it does not appear that there is a nexus between the slope of the property and a necessity for a height variance.
The board cannot grant a variance that is personal in nature simply because the project appears to be a desirable one. SeeReid v. Zoning Board of Appeals, supra, 235 Conn. 857; Finch v.Montanari, 143 Conn. 542, 546, 124 A.2d 214 (1956) ("The board is not authorized to grant a variance in order to relieve a hardship suffered by the town as a whole."). "[P]ersonal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." (Internal quotation marks omitted.) Id.
"[T]he basic zoning principle that zoning regulations must directly affect land, not the owners of land, . . . limits the ability of zoning boards to act for personal rather than principled reasons, particularly in the context of variances." (Citations omitted; internal quotation marks omitted.) Id.,
857-58. Since the record contains no evidence of exceptional CT Page 1154 difficulty or unusual hardship, the board was without the authority to grant a zoning variance to Whitney. See Bloom v.Zoning Board of Appeals, supra, 233 Conn. 207. It is unnecessary to discuss the plaintiffs other claims.
At the hearing before the court, Whitney, the commission and the board conceded that if the appeal from the granting of the variance were sustained then the appeal from the granting of site plan approval would also have to be sustained.
The appeals are sustained.[3]
BY THE COURT
Bruce L. Levin,Judge of the Superior Court