[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The pro se defendant, Miguel Quinones, is the owner of a one-story single-family dwelling located at 17 Aner Street, New Haven.
The property, which is located in an RM-1 (Residential) zone, was the subject of a 1975 application for a side yard variance.
The 1975 application was approved, thus permitting the defendant's predecessor in title to build the existing home, approximately 6 feet from the property line.
The variance allowed construction 6 feet and 10 feet from a property boundary, in a zone which mandated 10 feet and 12 feet. (ROR B, p. 3; ROR C.)
In 2002, prior to tendering the application which is the subject of this appeal, Miguel Quinones applied to the defendant New Haven Board of Zoning Appeals for a side yard variance, allowing construction of a porch, a garage, and a second floor to the existing home. (ROR B.)
That request was denied on May 21, 2002.
On June 13, 2002, Miguel Quinones submitted a second request for a side yard variance (ROR B), seeking authorization for a second floor, over the existing dwelling.
The application requested a variance of § 13. A.1(f)[1] of the New Haven Zoning Ordinances, applicable to the RM-1 zone.
Although the application requested a variance to permit "0 feet where 8 feet are required," the actual proposal contemplated a second floor six feet from the property line, using the existing building footprint. (ROR CT Page 2578-ex B; ROR C.)
Because no change in the existing footprint was proposed, the building coverage remained at 18 percent of the lot, well below the 30 percent maximum applicable in an RM-1 zone.[2]
The proposed elevation of the structure, 24 feet 6 inches, is well shy of the 35-foot maximum established for the zone.[3]
A favorable report was received from the New Haven City Plan Department. (ROR C.)
A public hearing was scheduled, and was conducted on July 9, 2002. (ROR E.)
At the hearing, the applicant, the pro se defendant Miguel Quinones, explained his desire to add a second floor to the home, with three upstairs bedrooms for the convenience of a growing family. (ROR I; ROR E p. 4-5.)
During the course of the hearing, the chairman of the defendant Board of Zoning Appeals posed what appeared to be a rhetorical question to the applicant: "Mr. Quinones, the hardship that you have is that this is an irregular shaped lot and the house was built more in one corner of it, is that right?" (ROR E, p. 14-15.)
The applicant agreed, and concluded "hopefully, everything works out, so I can continue and keep my family happy." (ROR E, p. 15.)
Opponents to the variance claimed that any hardship was personal to the applicant, and that the proposed expansion of the dwelling was inconsistent with the character of the neighborhood. (ROR E, p. 12-13.)
At an August 1, 2002 special meeting, the defendant Board of Zoning Appeals voted, 5-0, to approve the requested variance.
Neither the minutes of the special meeting (ROR F) nor the letter sent to the applicant (ROR A), provided any reason for the board's action. Both failed to specify the hardship on which the decision was based.
The minutes (ROR F) merely concluded that the board "found hardship related to the land."
Notice of the decision was published in the New Haven Register
on August 6, 2002. CT Page 2578-ey
From that decision, the plaintiff, Gerald F. Bertini, brings this appeal.
 AGGRIEVEMENT
The plaintiff, Gerald F. Bertini, is the owner of property at 232 Lennox Street, New Haven (Exhibit 1), which abuts a portion of the property owned by the defendant Miguel Quinones, which is the subject of this appeal.
Section 8-8 (1) of the Connecticut General Statutes defines "aggrieved person" to mean one "owning land that abuts, or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
Aggrievement is jurisdictional, and is a prerequisite to the trial court's jurisdiction over the subject matter of an appeal. Jolly, Inc.v. Zoning Board of Appeals, 237 Conn. 184, 192 (1996); Fletcher v.Planning Zoning Commission, 158 Conn. 497, 501 (1969).
The question of aggrievement is one of fact. Hughes v. Town Planning Zoning Commission, 156 Conn. 505 (1968).
The plaintiff is the owner of land which abuts the property involved in the decision from which this appeal is taken.
It is therefore found that the plaintiff, Gerald F. Bertini, is aggrieved by the decision of the New Haven Board of Zoning Appeals.
 STANDARD OF REVIEW
The powers of a municipal zoning board of appeals are derived from § 8-6 (3) of the General Statutes.
Acting pursuant to this legislative grant of authority a zoning board of appeals has the power:
(3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with the general purpose and intent, and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such by-laws, ordinances or regulations would CT Page 2578-fz result in exceptional difficulty or unusual hardship so that substantial justice will be done, and the public safety and welfare secured.
A zoning board of appeals is endowed the liberal discretion, and its decisions are subject to review by a court only to determine whether it has acted arbitrarily, illegally or unreasonably. Pleasant View FarmsDevelopment, Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269 (1991);Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 50 (1984).
The burden of demonstrating that the board has acted arbitrarily, illegally or in abuse of its discretion is on the party seeking to overturn the board's decision. Whittaker v. Zoning Board of Appeals,179 Conn. 650, 654 (1980); Adolphson v. Zoning Board of Appeals,205 Conn. 703, 707 (1988).
A court should not usurp the function and prerogatives of a zoning board of appeals, by substituting its judgment for that of the boards, where an honest judgment has been reasonably and fairly exercised after a full hearing. Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206
(1995).
Where a zoning board of appeals, as required by § 8-7[4] of the General Statutes, has stated reasons for its action, a reviewing court should determine whether any of the reasons given is supported by the record. Daughters of St. Paul, Inc. v. Zoning Board of Appeals,17 Conn. App. 53, 56 (1988).
Where, as here, the board has failed to give any collective reasons for its action, and has failed to specifically describe the claimed hardship, a court may not adopt the views of any individual member as the grounds for the board's decision. Welch v. Zoning Board of Appeals,158 Conn. 208, 214 (1969).
The failure of the board to state reasons for its decision requires the court to search the record, to determine whether there is a basis for the action taken. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369
(1988); Ward v. Zoning Board of Appeals, 206 Conn. 362, 369 (1988); Wardv. Zoning Board of Appeals, 153 Conn. 141, 144 (1965).
 TEST FOR APPROVAL OF VARIANCE NOT MET
In order to justify the granting of a variance, a zoning board of appeals must find that two conditions have been satisfied: 1) the variance must be shown not to affect substantially the comprehensive plan, and 2) adherence to the strict letter of the zoning ordinance must be shown to CT Page 2578-fa cause unusual hardship, unnecessary to the carrying out of the general purposes of the zoning plan. Francini v. Zoning Board of Appeals,228 Conn. 785, 790 (1994); Smith v. Zoning Board of Appeals, 174 Conn. 323,326 (1978).
The comprehensive plan consists of the zoning regulations themselves.Burnham v. Planning Zoning Commission, 189 Conn. 261, 267 (1983).
A review of the record reveals that the pro se defendant Miguel Quinones' home is in a zone where single-family residences are a permitted use.
The requested variance does not change the existing footprint on a home which complies with all coverage and height requirements. (ROR C.)
There is no evidence in the record demonstrating that the public health, safety or general welfare will be adversely affected by the granting of the variance.
The record before the defendant Board of Zoning Appeals therefore supports a finding that the granting of the variance will not substantially affect the comprehensive plan, and that the variance is in harmony with the general purposes of the zoning regulations.
Hardship, however, is another matter.
Because the granting of a variance permits a property owner to use his property in a certain manner, even though a violation of the zoning ordinances will result, it is reserved for unusual or exceptional circumstances. Bloom v. Zoning Board of Appeals, supra, 206-10; Dolan v.Zoning Board of Appeals, 156 Conn. 426, 429 (1968).
The applicant must show that the zoning regulation in question works a distinct hardship on his property, and not merely a general hardship on the neighborhood at large, or the community. Finch v. Montanari,143 Conn. 542, 546 (1956); Pike v. Zoning Board of Appeals,31 Conn. App. 270, 273-74 (1993).
Hardships which are personal to the applicant, however compelling from a human standpoint, do not provide sufficient grounds for the granting of a variance by a zoning board of appeals. Garibaldi v. Zoning Board ofAppeals, 163 Conn. 235, 239 (1972); Gangemi v. Zoning Board of Appeals,54 Conn. App. 559, 564 (1999).
A variance runs with the land, and the identity of the user of the land CT Page 2578-fb is irrelevant. Reid v. Zoning Board of Appeals, 235 Conn. 850, 857
(1996); Dinan v. Board of Zoning Appeals, 220 Conn. 61, 66-67 (1991); § 8-6 (b), C.G.S.
Where the applicant, or his predecessor in title, creates a nonconformity, a zoning board of appeals lacks the authority to grant a variance. Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39 (1982);Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296, 300 (1980).
Here, a thorough search of the record fails to reveal substantial evidence, which would support a finding of hardship.
Miguel Quinones' desire to provide better and more spacious living accommodations for his family is laudable, but cannot form the basis of a hardship.
Notwithstanding the coaxing of the chairman of the defendant Board of Zoning Appeals (ROR E, p. 14-15), the record does not reveal that expansion of the home could not be accommodated outside the setback area.
In order to supply support for the granting of a variance, there must be evidence that the setback regulation is particularly burdensome, due to factors beyond the control of the property owner. Stillman v. ZoningBoard of Appeals, 25 Conn. App. 631, 636-37 (1991).
No evidence was presented indicating that the shape of the lot, or its topography, prevented expansion of the dwelling on another portion of the lot.
Furthermore, because the home was placed in its location by the plaintiff's predecessor in title, any claimed hardship due to encroachment into the setback area is self-inflicted, and the defendant Board of Zoning Appeals cannot grant relief. Abel v. Zoning Board of Appeals,172 Conn. 286, 289 (1977).
Because a review of the record fails to reveal any evidence which would permit a finding of hardship, the plaintiff's appeal must be sustained.
 ISSUES NOT DECIDED
Although the absence of a legally cognizable hardship requires the sustaining of the appeal, the court feels compelled to question the necessity for the pro se defendant, Manuel Quinones, to obtain a variance from the Board of Zoning Appeals, prior to constructing a second floor CT Page 2578-fc over his 17 Aner Street home.
As counsel for the Board of Zoning Appeals stated in his brief (p. 8), and reiterated during oral argument, neither the Zoning Director of the City of New Haven nor the Board of Zoning Appeals interprets additions to structures within pre-existing footprints to constitute an expansion of a nonconformity.
Section 67.D.1 of the New Haven Zoning Ordinances provides that an existing structure shall not be "enlarged, extended, constructed, reconstructed or altered, if the result would be an increase in the nonconformity."
While the plaintiff argues that the proposal contemplates further encroachment into the side yard setback area, beyond the area covered by the 1975 variance, the defendant maintains that building a second floor to his home does not encroach beyond the existing footprint, and the area permitted by the 1975 variance.
The New Haven City Planning Department, in its review, confirmed that the footprint is not expanded.
The construction of New Haven's regulation advanced by the Deputy Corporation Counsel, is consistent with the Appellate Court's review of a similar provision in the Essex Zoning Regulations, in a case involving a vertical expansion, within an existing footprint. Doyen v. Zoning Boardof Appeals, 67 Conn. App. 597, 607 (2002).
Assuming that the proposed second floor addition does not further encroach on any setback area, the opinion of counsel for the City of New Haven would allow for the issuance of the necessary building and construction permits, without the need for a side yard setback variance.
 CONCLUSION
The appeal of the plaintiff, Gerald F. Bertini, is SUSTAINED.
Radcliffe, J.